UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OAK STREET FUNDING, LLC,

    Plaintiffs,

v.

LYNN S. INGRAM, PAUL MURPHY, and
360 RISK MANAGEMENT, INC.,

    Defendants.
                                    /

Case No. 09-cv-12736

HONORABLE STEPHEN J. MURPHY, III

## ORDER DENYING OAK STREET'S MOTION FOR RECONSIDERATION (docket no. 24)

Oak Street Funding LLC ("Oak Street") has asked this Court to reconsider two of the rulings in its August 10, 2010 Order ("August 10 Order") granting in part and denying in part the defendants' motion for summary judgment. Specifically, Oak Street asserts that the Court erred in dismissing their conversion and unjust enrichment claims against Lynn S. Ingram, Paul Murphy, and 360 Risk Management, Inc. ("360").

Ingram was a founding member of the Ponta Castle Ingram Agency, Inc. ("PCI"), a now-defunct insurance company based in Michigan. Oak Street provided loans to PCI, secured by PCI's business assets, including its customer accounts. Ingram allegedly transferred these accounts to the Mears Insurance Agency with the assistance of Murphy and 360, in violation of his employment contract with PCI. Oak Street asserts that the defendants' actions deprived them of a right in property that was properly theirs once PCI defaulted on the loans and Oak Street's security interest in all PCI property interests became effective. The Court is not convinced by Oak Street's argument that the August 10 Order contains a palpable, outcome-determinative error in its analysis of the conversion and unjust enrichment claims. Accordingly, it will deny the motion.

## STANDARD OF REVIEW

It is an exception to the norm for the Court to grant a motion for reconsideration. *See* E.D. Mich. LR 7.1(h)(3) ("Generally . . . the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication."). To obtain reconsideration, the movant must (1) "demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled" and (2) "show that correcting the defect will result in a different disposition of the case." *Id.* The requirement of a "palpable defect" limits the Court to revisiting only those errors that are "obvious, clear, unmistakable, manifest, or plain." *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001); *Pakideh v. Ahadi*, 99 F. Supp. 2d 805, 809 (E.D. Mich. 2000) (when movant "has brought up nothing new — except his displeasure — this court has no proper basis upon which to alter or amend the order previously entered") (quoting *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977)). Therefore, absent a significant error that changes the outcome of a ruling on a motion, the Court will not provide a party with an opportunity to relitigate issues already decided.

## ANALYSIS

The August 10 Order rejected Oak Street's attempts to frame the alleged breaches of contract by Ingram under theories of conversion and unjust enrichment. Oak Street's motion for reconsideration marks a renewed attempt to get these counts past summary judgment. But the arguments presented here are no more persuasive on the legal points Oak Street seeks to establish than the arguments the Court considered before entering the August 3 Order. For the reasons set forth below, the Court's ruling on both claims should be sustained.

I. Conversion

Oak Street's briefing on the conversion issue is the sort of reconsideration motion that raises nothing new, other than the displeasure of the moving party. Their brief improperly regurgitates arguments that were already before the Court by reproducing the relevant section of their previous brief opposing the defendants' summary judgment motion in its entirety. Oak Street's Mot. for Reconsideration, Docket No. 25, 3–5. Oak Street asserts that the Court was deceived by "Defendants' deliberate attempts in their Motion to 'blur the line' between Plaintiff's separate and distinct tort claims and its derivative contract action." *Id.* at 5. This is little more than an assertion that the Court was wrong for finding the defendants' arguments persuasive, and does not demonstrate that the Court committed palpable, outcome-determinative error.

Moreover, the Court harbors no confusion over the legal arguments made on this issue. Oak Street's claim failed on three grounds. First, the Court found that the conversion claims in this case could not go forward because they attempt to enforce the underlying obligations of the covenant not to compete between Ingram and CBI, which is not permitted under Michigan's common law of torts.[1] August 10 Order, 15–16. Second, insofar as Oak Street asserts a property interest in commission income as a result of the defendants' conversion, it has failed to specify the monies to which they were entitled. *Id.*

---

[1] Oak Street discusses, at considerable length, *Tooling, Manufacturing & Technologies Association v. Tyler*, No. 07-081220-CZ, at 6–7 (Mi. Cir. Ct. Oakland County Aug. 20, 2009), as authority for the proposition that an employer has a right to recoup payments on insurance commissions from an employer on a conversion theory, even if an employment contract is violated. Oak Street's Mot. for Reconsideration, Docket No. 25, 5 n.1; *see also id.* Ex. A (copy of order). The Court notes that the employment contract in *Tooling* did *not* contain language that prevented the defendant from selling insurance for anyone other than the plaintiffs. *Tooling*, No. 07-081220-CZ, at 2–3. The *Tooling* court did not, therefore, reach the issue in this case. Whatever persuasive value a decision of a Michigan trial court might have, the Court finds its conclusion is reconcilable with the holding of the August 10 Order.

3

16–17. Despite continued insistence on the relevance of their status as secured creditors, the Court correctly found that this status did not alter the outcome of the case, as Oak Street had no more rights under the non-compete agreement than CBI did. *Id.* 17–18. Finally, the Court does not doubt, as Oak Street argues, that intangible property can serve as the basis for a conversion claim, but that point of law was not a determinative feature of the Court's holding. The Court finds no error, much less a palpable one, in the August 10 Order on this point.

II.     Unjust Enrichment

Oak Street's argument for reconsideration of the Court's dismissal of its unjust enrichment claim is based on similar premises as its arguments in support of the conversion claim, and it likewise merits rejection. The Court held that because unjust enrichment requires the implication of a contractual agreement, it cannot apply in a case where there is already a contract covering the same subject matter. The Court already rejected the argument advanced by Oak Street that "Ingram's conversion . . . exceeds in scope the actions which violate the restrictive covenants of his agreement with PCI." Oak Street's Resp. Mot., Docket No. 12, 17. Oak Street's reassertion of this point in a motion for reconsideration does nothing to aid their cause. Oak Street's Mot. for Reconsideration, 6 ("Oak Street's causes of action in this matter do not arise from the existence of any of those contractual agreements. They are independent causes of action . . . ."). Reconsideration of this holding is therefore inappropriate.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Oak Street's motion for reconsideration (docket no. 24) is **DENIED**.

**SO ORDERED**.

s/Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: October 28, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 28, 2010, by electronic and/or ordinary mail.

Alissa Greer  
Case Manager